On Rehearing.
 

 By the WHOLE COURT.
 

 LAND, J.
 

 On the highest grounds of necessity and public policy judges cannot be held liable for acts done by them in their judicial capacity. It follows, therefore, that executive officers of the court, such as receivers, cannot be sued for acts which they do in obedience to the orders of the court appointing them. Clark, Law of Receivers, vol. 1, par. 784, p. 743.
 

 The property was sold in this case, not by
 
 *575
 
 the receivers, as the agents of the court, but by an auctioneer, an independent official, appointed. by the court to make this sale.
 

 Without any knowledge upon the part of the receivers that the auctioneer had sold the property for less than two-thirds of its appraised value, the receivers reported the sale and the price in good faith to the conri, and prayed for the confirmation of the sale and authority to deliver the property to the adjudicatees at the auction sale. The sale was confirmed and the receivers delivered the property to the purchasers under the order of confirmation first obtained by them. The fact that the application for confirmation of the sale was not preceded by entry for 10 days in the receiver’s order book, as required by section S of Act 159 of 1898, does not, in our opinion, render said order an absolute nullity, as far as the protection of the receivers against personal liability is concerned. The order may be irregular or improvident; yet, at the same time, it is an order of the court, obtained in good faith, and without fraudulent representation on the part of the receivers, and there is no charge in this case that the property was delivered by the receivers to the purchasers through collusion.
 

 The receivers under such order must necessarily be protected against personal liability, notwithstanding the subsequent vacation of same.
 

 In the case of Bonita Mercantile Co., 129 La. 1046, 57 So. 332, the Supreme Court of this state refused to hold a receiver, who had made the sale, liable for the difference between the first appraisement regularly made and a second appraisement informally made by the receiver, and which had not been preceded by a required order, although such appraisement was attacked as a nullity by a creditor opposing the final account of the receiver.
 

 There has been no attempt on the part of the opposing creditors in this case to vacate this order in any direct proceeding, nor was the auctioneer’s sale opposed by them.
 

 Section 6 of Act 159 of 1898 provides that—
 

 “The receiver so appointed shall give such bond for the faithful performance of his duties as the court may fix; and shall hold, administer, manage and dispose of the property and income of such corporation in such manner as the court may decide to be for the interest of all parties.”
 

 When a receiver acts, therefore, under an order of court, he is necessarily protected by such order against any personal liability, in the event that said order may be vacated in subsequent proceedings, unless it is alleged and proven that such order has been obtained upon false representations made by the receiver, or in fraud of the creditors of the corporation. i
 

 The receivers were represented by competent and experienced attorneys, and acted under the order of the court first obtained, before delivery of the property to the purchasers at the auctioneer’s sale. The receivers, therefore, are not personally liable. Tardys, Smith on Receivers (2d Ed.) vol. 1, par. 52.
 

 • The judgment of date June 24, 1920, maintaining the various oppositions of the creditors to the final account of the receivers, orders said receivers to account for two-thirds of the proceeds of the movables herein sold. This is a judgment decreeing a personal liability on the part of the receivers, and is therefore erroneous.
 

 A plea of res adjudicata has been filed in this court by the various opponents as to the necessity of the property sold in this case bringing at least two-thirds of its appraised value. This plea is based upon a final judgment rendered August 17, 1909, and signed November 9, 1909. This judgment was rendered on opposition to the provisional account filed by the receivers, and is not de
 
 *577
 
 finitive as to -the liability of the receivers, for the reason that it is ordered in said judgment that—
 

 “All the rights of opponents against the receiver to hold them and sureties on their bond responsible for loss on account of sales of property below two-thirds of the appraised value are fully reserved for consideration and settlement on the final account.”
 

 This matter was not finally adjudicated until June 24, 1920, by judgment rendered on oppositions to the final account of the receivers, and we are considering in the case an appeal by tbe receivers from said judgment. Tbe plea of res adjudicata is therefore not well founded.
 

 For tbe reasons assigned, it is ordered tbat our former decree be set aside. It is now ordered tbat tbe judgment appealed from be annulled and reversed, and tbat tbe oppositions of tbe various creditors named in such judgment be dismissed. It is further ordered tbat all costs be paid out of tbe funds in tbe bands of tbe receivers.
 

 Appellants are reserved tbe right to apply for a rehearing.
 

 OVERTON and THOMPSON, JJ„ dissent.